ACCEPTED
01-15-00045-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/28/2015 2:13:41 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00045-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/28/2015 2:13:41 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS

FOR THE FIRST SUPREME JUDICIAL DISTRICT

HOUSTON, TEXAS

MARSHALL SHANE LOVELL,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

On Appeal From the 411th District Court
of Polk County, Texas, Cause No. 22,709

**BRIEF OF APPELLEE**

WILLIAM LEE HON
Criminal District Attorney
County of Polk
State of Texas

B. TODD DILLON
Assistant Criminal District Attorney
County of Polk
State of Texas
101 West Mill Street, Suite 247
Livingston, Texas 77351
(936) 327-6868

ATTORNEYS FOR APPELLEE

ORAL ARGUMENT IS NOT REQUESTED

# CERTIFICATE OF INTERESTED PERSONS

1. JUDGE
   HON. KAYCEE JONES, Presiding Judge
   411th Judicial District

2. APPELLANT
   MARSHALL SHANE LOVELL

3. TRIAL COUNSEL FOR APPELLANT
   MICHAEL DAVIS
   P.O.Box 457
   14981 Hwy. 150 W.
   Coldspring, Texas 77331

4. APELLATE COUNSEL FOR APELLANT
   MIKE ADUDDELL
   223 Simonton Street
   Conroe, Texas 77301

5. APPELLEE
   THE STATE OF TEXAS

6. TRIAL COUNSEL FOR APPELLEE
   BEVERLY D. ARMSTRONG
   Assistant Criminal District Attorney
   Galveston County District Attorney's Office
   600 59th Street, #1001
   Galveston, Texas 77551

7. APPELLATE COUNSEL FOR APPELLEE
   B. TODD DILLON
   Assistant Criminal District Attorney
   Polk County District Attorney's Office
   101 W. Mill Street, Suite #247
   Livingston, Texas 77351

B. TODD DILLON
Assistant Criminal District Attorney

2

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS..................................................................2

TABLE OF CONTENTS...................................................................................................3

TABLE OF AUTHORITIES.............................................................................................4

STATEMENT OF REPLY POINTS.................................................................................6

STATEMENT OF THE CASE..........................................................................................6

STATEMENT OF FACTS................................................................................................6

SUMMARY OF THE ARGUMENT.................................................................................7

REPLY POINT NUMBER ONE (Restated)....................................................................9

REPLY POINT NUMBER TWO (Restated)..................................................................10

REPLY POINT NUMBER THREE (Restated)..............................................................13

PRAYER FOR RELIEF..................................................................................................15

CERTIFICATE OF SERVICE........................................................................................16

CERTIFICATE OF COMPLIANCE...............................................................................16

# TABLE OF AUTHORITIES

## CASES

*Faulkner v. State,* 537 S.W.2d 742, 744 (Tex.Crim.App.1976)......................15

*Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997)...........................11

*Johnson v. State,* 803 S.W.2d 272, 291 (Tex.Cr.App.1991)...........................10

*Polk v. State,* 729 S.W.2d 749, 753 (Tex.Cr.App.1987)................................10

*Sattiewhite v. State,* 786 S.W.2d 271, 283 (Tex.Cr.App.1989).......................10

*State v. Kelly,* 204 S.W.3d 808, 818 (Tex.Crim.App.2006)............................11

*State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App.2000)..............................11

*Thompson v. State,* 691 S.W.2d 627, 635 (Tex.Cr.App.1984)..........................10

*Valtierra v. State,* 310 S.W.3d 442, 447-48 (Tex. Crim. App. 2010)................11

## STATUTES

Tex.R.App.P. 52(a)............................................................10

NO. 01-15-00045-CR

---

IN THE COURT OF APPEALS

FOR THE FIRST SUPREME JUDICIAL DISTRICT

HOUSTON, TEXAS

---

MARSHALL SHANE LOVELL,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

---

On Appeal From the 411th District Court
of Polk County, Texas, Cause No. 22,709

---

**BRIEF OF APPELLEE**

---

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:

COMES NOW Appellee, the State of Texas, by and through B. Todd Dillon, Assistant Criminal District Attorney of Polk County, Texas, and files this brief in response to that of Appellant. In support thereof, the State offers the following:

5

# STATEMENT OF REPLY POINTS

## REPLY POINT NUMBER ONE

### DEFENDANT FAILED TO PRESERVE ERROR FOR APPELLATE REVIEW

## REPLY POINT NUMBER TWO

### AFFIDAVIT FOR ISSUANCE OF SEARCH WARRANT STATED SUFFICIENT PROBABLE CAUSE FOR A VALID SEARCH WARRANT

## REPLY POINT NUMBER THREE

### EVIDENCE PRESENTED WAS SUFFICIENT TO ESTABLISH THE AFFIANT WAS SWORN IN COMPLIANCE WITH ARTICLE 18.01 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

## STATEMENT OF THE CASE

The Appellee adopts the statement of the case contained in Appellant's brief.

## STATEMENT OF FACTS

Officers with the Polk County Sheriff's Office went to the residence of the Defendant, Marshall Shane Lovell, to investigate a Crime Stoppers Tip regarding illegal narcotic activity. *CR page 31*. Detective Chris Lima spoke to the Defendant at the residence involving the investigation. *Id.* Detective Lima requested consent to search the residence. Defendant refused to give consent to search. *Id.* Detective Lima, while still on the scene, typed a search warrant on his patrol car computer. The search warrant included Exhibit "A" which was 3 pages. *Id.* After completing the

6

search warrant, Detective Lima asked Detective Howard Smith to retrieve the search warrant from the office printer and take it to a Judge for execution. *Id.* Detective Smith took the search warrant to Elizabeth Coker, then-Judge of the 258th Judicial District of Polk County, Texas. *Id.* Judge Coker read the search warrant presented to her and signed it. *Id.* Detective Smith took the signed search warrant to the Lovell residence and gave it to Detective Lima. *Id.* Detective Lima and other deputies conducted a search of the residence. *Id.* After completing the search, Detective Lima returned to the Sheriff's office and made copies of the search warrant and other documents which were to be turned into the Judge's office and the District Attorney's office. *Id at page 32.* When Detective Lima turned in the copies to the Judge's office only two pages of Exhibit "A" were included with the copies. *Id.* The missing page of Exhibit "A" attached to the search warrant was found in the case file in the possession of Detective Lima. *Id.* The two page Exhibit "A" was incomplete and did not provide any information that would support a search warrant. Therefore, the magistrate read and signed a search warrant the included all three pages of Exhibit "A". *Id.* The filing of the search warrant with the missing page of Exhibit "A" was a clerical mistake on the part of Detective Lima.

## SUMMARY OF THE ARGUMENT

In State's Reply Point Number One, the State urges that no error in the instant

7

case was preserved for appeal. In his brief, the Appellant discusses at length a motion to suppress in Cause No. 22,279, 22,2750 and 22,751; however this case, along with Cause 22,710 was specifically excluded from consideration of the Motion to Suppress. No objections to any evidence in this case was raised, therefore nothing has been preserved for this Court's review.

In his Point of Error Number One, Appellant urges that the Affidavit for issuance of the search warrant did not state sufficient probable cause for a valid search warrant. Appellant centers this argument on a copy of the search warrant affidavit that was returned missing a page. Then-Judge Coker testified that the 2 page affidavit appeared incomplete and the 3 page affidavit appeared to be clear. *RR Vol. 2, pg 17, 21.* Coker also stated that when she did review the affidavit initially, she found it to contain sufficient probable cause to issue a search warrant. *RR Vol. 2, pg 17.* Detective Lima testified that he read and submitted a complete affidavit to Detective Howard Smith. *RR. Vo. 2, pg 30.* Former Detective Howard Smith testified that he would not present a two-page affidavit to a Judge, as it was insufficient. RR *Vol. 2, pg 59-60.*

In his final Point of Error, Appellant urges that the evidence presented to show the Affiant of the search warrant was sworn was fatally insufficient. However, Then Judge Coker testified that part of her routine when reviewing search warrants were to

8

have the affiant sworn. *RR. Vol. 2, Pg 13.* Detective Howard Smith testified that Judge Coker would swear in witnesses. *RR. Vol. 2, Pg 54.* Finally, and perhaps most convincingly, both State's Exhibit 1 and Defense Exhibit 2 both contain a jurat, where then-Judge Coker's signature attests to the fact that the Affiant was sworn.

## ARGUMENT AND AUTHORITIES

## REPLY POINT NUMBER ONE (Restated)

**No objection to evidence in this cause was raised prior to Appellant's plea, preserving nothing for this Court's review.**

Appellant's arguments center wholly on the sufficiency of a search warrant that was involved in one of the Defendant's cases. However, the instant appeal stems from trial cause number 22,709, which was specifically excluded from the suppression hearing. *RR. Vol. 2, pg. 5.* The suppression hearing at issue only involved trial cause numbers 22,749, 22,750 and 22,751. *RR. Vol. 2, pg 5.* Further, since the acts indicted in 22,709 were alleged to have occurred on or about January 12, 2013, and the acts in 22,749 occurred on or about June 19th, 2012, it logically follows that separate searches occurred in each offense. *CR. 5.* The Clerk's Record in the instant cause is devoid of any objection to any evidence whatsoever.

Courts have held that it is "axiomatic that in order to preserve an error in the

admission of evidence for appellate review, a defendant must make a timely objection. *Sattiewhite v. State,* 786 S.W.2d 271, 283 (Tex.Cr.App.1989); *Thompson v. State,* 691 S.W.2d 627, 635 (Tex.Cr.App.1984), *and,* Tex.R.App.P. 52(a). An objection is timely if it is raised as soon as the ground of objection becomes apparent, *Johnson v. State,* 803 S.W.2d 272, 291 (Tex.Cr.App.1991), *and, Polk v. State,* 729 S.W.2d 749, 753 (Tex.Cr.App.1987), that is, "as soon as the defense knows or should know that an error has occurred." *Hollins v. State,* 805 S.W.2d 475, 476 (Tex.Cr.App.1991). Given that absolutely no objection to the evidence was raised in this cause, the Appellant has preserved nothing for this Court's review. As a consequence, Appellant's Points of Error One and Two in the instant case should be overruled and the judgment of the trial court be affirmed.

## REPLY POINT NUMBER TWO (Restated)

**Sufficient probable cause to support the execution of the search warrant existed in the complete, original search warrant.**

Appellant argues in his first Point of Error that the State's contention that the original affidavit contained a complete three pages is an "assertion made without facts". *Appellant's Brief, pg. 15.* However, the findings of fact entered by the trial judge concludes that the original search warrant was 3 pages, that it was properly

reviewed by then-Judge Coker, and that the subsequent 2 page warrant on file with the trial court subsequent to the search was "a clerical mistake on the part of Detective Lima." *CR pg. 31,32.* The trial judge further concluded that the search warrant contained probable cause to support the execution of the search warrant, that the officers relied in good faith on the search warrant, that the search warrant was valid and that the search was proper. *CR. pg. 32.*

On review, the trial judge's determination of historical facts is afforded almost total deference. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App.2000). She is entitled to believe or disbelieve all or part of the witness's testimony—even if that testimony is uncontroverted—because she has the opportunity to observe the witness's demeanor and appearance. *Id.* If the trial judge makes express findings of fact, on review, the evidence must be viewed in the light most favorable to her ruling and determine whether evidence supports these factual findings. *Valtierra v. State,* 310 S.W.3d 442, 447-48 (Tex. Crim. App. 2010), *citing State v. Kelly,* 204 S.W.3d 808, 818 (Tex.Crim.App.2006).

The trial judge in this case found that Detective Lima typed a search warrant at the scene that included the complete 3 page affidavit. *CR. pg 31.* This finding is

11

consistent with Detective Lima's testimony. *RR. Vol. 2 pg 29, 30.* The judge then found that this warrant was then picked up by Detective Smith and taken to former Judge Coker, who reviewed the warrant, signed it and then returned it to Detective Smith. *CR. pg. 31.* Again, this finding is consistent with the testimony of Detectives Lima and Smith. *RR. Vol. 2, pgs 26-49, 50-60.* The trial judge found that Detective Lima later returned to his office, made copies of the search warrant to return to Judge Coker, but his copy omitted one page of the affidavit-the original containing all three pages was retained in Detective Lima's case file. *CR. pg 32.* This finding is also consistent with Detective Lima's testimony during the Motion to Suppress hearing. *RR. Vol. 2, pg 26-49.* Finally, the trial judge found that the copy found in Judge Coker's file was incomplete, that it did not contain information sufficient to support a search warrant, but considering that then-Judge Coker had reviewed and signed the search warrant, she had reviewed and approved an affidavit that consisted of all three pages. *CR pg 32.* Ample evidence presented at the hearing supports this finding. Former Judge Coker testified that she had reviewed the affidavit, that it bore her signature and that she had found probable cause to issue the search warrant. *RR. Vol. 2 pgs 9, 13, 16, 17.* She also testified that the 2 page affidavit appeared to be complete. *RR. Vol. 2 pgs. 17.* Detective Lima testified that an error had been made during the copying of the search warrant, because "if you read it, it makes absolutely no sense

without the three pages." *RR. Vol. 2 pg 33.* Detective Lima went on to testify that after the matter of the missing page was brought to his attention that he found the complete original affidavit in his case file, in the same condition as he typed it on scene. *RR. Vol. 2 pg 45.* Finally, Detective Howard Smith testified that the two-page affidavit was not something he would present to a judge, as it did not contain probable cause sufficient to issue a warrant. *RR. Vol. 2, pg 53.* All of this evidence taken together, suggests that neither the detectives nor then-Judge Coker would consider the affidavit sufficient, let alone coherent. Considering that the affidavit was reviewed and the search warrant issued, along with the fact that the original document in its complete form was later discovered in Detective Lima's case file, the logical conclusion was that a clerical error was made during the copying of the warrant subsequent to the search. Not surprisingly, the trial judge further found that the filing of the search warrant with the missing page of the affidavit was a clerical error on behalf of Detective Lima. *CR. Pg. 32.* As a consequence, the State provided sufficient evidence for the trial judge's findings at the hearing on the motion to suppress and the Appellant's first Point of Error should be overruled and the judgment of the trial court be affirmed.

## REPLY POINT NUMBER THREE

**Sufficient evidence was presented of the Affiant being sworn in compliance with Article 18.01 of the Texas Code of Criminal Procedure.**

In Appellant's final point of error, the Appellant claims that absolutely no evidence was presented that the issuing judge properly swore Detective Howard Smith in as a witness, in compliance with the requirements of Code of Criminal Procedure. The State begs to differ. Adequate evidence was presented not only by the State but by the Appellant himself. The State provided the testimony of Judge Coker herself who stated that her procedure when swearing in a witness was to have the affiant sworn in. *RR. Vol. 2, pg 13.* Likewise, Detective Smith also testified that, while he could not remember this particular warrant, the judge's procedure was to normally have the affiant sworn in. *RR. Vol. 2, pg 54.* Finally, State's Exhibit 1 and Defense Exhibits 1, 2, and 3 all contain either a warrant in which then-Judge Coker's signature attests to the fact that the affiant swore to the affidavit, a signature block at the end of the affidavit which provides that the foregoing affidavit was "Subscribed and sworn to before me on this the 29th, day of June, A.D. 2012" followed by then-Judge Coker's signature, or both. The warrant itself attests to the fact that Detective Smith was sworn as the affiant, both on the face of the warrant and the affidavit, which was incorporated by reference. When a magistrate states in a warrant that the affiant has sworn to a statement in his affidavit, the affidavit may be incorporated by reference into the

14

warrant. *See Faulkner v. State*, 537 S.W.2d 742, 744 (Tex.Crim.App.1976). As more than sufficient evidence was presented of the affiant being sworn at the hearing, the State submits that Appellant's Second Point of Error should be overruled and the judgment of the trial court be affirmed.

## PRAYER FOR RELIEF

For the forgoing reasons, the State prays that the judgment of the jury and the sentence be in all things AFFIRMED.

Respectfully submitted,
B. Todd Dillon
Asst. Criminal District Attorney
Polk County, State of Texas


B. TODD DILLON
Asst. Criminal District Attorney
State Bar No. 24068689
101 West Mills Street, Suite 247
Livingston, Texas 77351
(936) 327-6868

ATTORNEY FOR APPELLEE

15

## CERTIFICATE OF SERVICE

I, B. TODD DILLON, Assistant Criminal District Attorney, Polk County, State of Texas, do hereby certify that a true and correct copy of the above and foregoing BRIEF OF APPELLEE has been served by placing the same in the United States Mail on this 26th day of May, 2015, addressed to:

Mike Aduddell
Attorney at Law
220 N. Thompson, Suite 101
Conroe, Texas 77301

B. TODD DILLON
Asst. Criminal District Attorney

## CERTIFICATE OF COMPLIANCE

I, B. TODD DILLON, Assistant Criminal District Attorney, Polk County, State of Texas, do hereby certify that the foregoing Brief for Appellee was computer-generated and contains 2,876 words, per Microsoft Word Word Count and excluding the items designated in Rule 9.4(i)(1)of the Rules of Appellate Procedure.

B. TODD DILLON
Asst. Criminal District Attorney